Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**MARK I. COX**
The Mark I. Cox Law Office, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana



FILED
Dec 28 2012, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

PAUL MARCUM,              )
                         )
    Appellant-Defendant,    )
                         )
    vs.                     )    No. 89A01-1205-CR-240
                         )
STATE OF INDIANA,        )
                         )
    Appellee-Plaintiff.     )

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Darrin M. Dolehanty, Judge
Cause No. 89D03-1111-FD-468

**December 28, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Paul Marcum ("Marcum") was convicted after a jury trial of Class D felony Operating a Motor Vehicle After Suspension as a Habitual Traffic Violator. He was sentenced to twenty-seven months executed in the Indiana Department of Corrections. He appeals and argues that his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

**Facts and Procedural History**

On October 30, 2011, Marcum called the police to have Joshua Limburg ("Limburg") removed from his residence. Limburg lived at Marcum's house but Marcum requested that he leave after they had an argument. When the police officers arrived, Chad Porfidio and Brandon Cappa, they told the men that they could not order one of them to leave but recommended that one of the men leave or that the men go to separate rooms in the house to alleviate further problems. Both men refused to leave. After speaking with the men, the officers returned to their vehicles, but remained in the area in case they received a return call, which they deemed was plausible due to the "heated situation[.]" Tr. p. 127.

And the officers were correct in their assessment of the situation, for a few minutes later, the officers heard Marcum and Limburg engaging in a verbal altercation, and then they observed Marcum get into the driver's seat of a vehicle and drive away from the home. Based on the officers' observations, Marcum was the sole occupant in the vehicle. Officer Porfidio thought Marcum's license was suspended but radioed dispatch for verification. Dispatch confirmed that Marcum's license was suspended for

2

being a habitual traffic violator and told the officers Marcum's cellular number from which he had called in his original complaint. The officers called Marcum, and they requested that he speak with him. He told the officers that he had parked the vehicle on South Fifteenth Street. When Officer Cappa went to South Fifteenth Street, he could not find Marcum or the truck.

Officer Porfidio again spoke with Marcum and offered to meet Marcum at a different location but Marcum was again not present when the officers arrived. Officer Porfidio called Marcum, and Marcum informed Officer Porfidio of his location at a gas station. When the officers arrived, they placed Marcum under arrest, but the truck was not at the location. Marcum remarked to the officers that they "wouldn't find his truck." Tr. p. 143.

After a jury trial on March 28, 2012, the jury found Marcum guilty of Class D felony Operating a Motor Vehicle After Suspension as a Habitual Traffic Violator. On May 2, 2012, Marcum was sentenced to twenty-seven months at the Indiana Department of Correction, his driving privileges were forfeited for life, and he was fined $750. Marcum now appeals.

**Discussion and Decision**

Marcum argues that his sentence of twenty-seven months to the Indiana Department of Correction is inappropriate in light of the nature of the offense and his character. Under Indiana Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the

3

offender." Although we may review and revise a sentence, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008).

We must give "deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Trainor v. State, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), trans. denied (quoting Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)) (internal quotation marks omitted). Furthermore, the defendant has the burden to persuade us "that the sentence imposed by the trial court is inappropriate." Cardwell, 895 N.E.2d at 1224 (citing Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The maximum sentence for a Class D felony is three years, with an advisory sentence of one and one-half years.[1] Here, Marcum received a sentence of twenty-seven months.

Regarding the nature of the offense, our review of the record reveals that despite repeated requests from the officers to return to the scene or to meet at specified locations, Marcum did not do so. When he eventually did tell officers his location and they placed him under arrest, he remarked that they would not be able to find his vehicle, which suggests that he sought to hide the vehicle from the police officers. Tr. p. 143.

---

[1] Ind. Code § 35-50-2-7

As to Marcum's character, of particular significance is Marcum's lengthy criminal history, which includes fifteen[2] misdemeanor offenses and four felony offenses. Eight of his prior convictions involved motor vehicle offenses, and his probation has been revoked twice. Moreover, at the time of the present offense, he had only been released from parole for three weeks, and he was also out on bond for charges including Attempted Theft and Operating a Motor Vehicle After Suspension as a Habitual Traffic Violator, which is the same offense committed in the present case. In addition, while Marcum was out on bond in the present case, he was charged with additional criminal offenses, including conversion and criminal mischief.

For these reasons, we conclude that an executed sentence of twenty-seven months in the Indiana Department of Correction is not inappropriate.

Affirmed.

KIRSCH, J., and CRONE, J., concur.

---

[2] The trial court found fourteen prior misdemeanor convictions; however, based on the pre-sentence investigation report, Marcum had fifteen prior misdemeanor convictions.